UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

GABRIEL MIDALGO,

                              Plaintiff,

    -v.-                                                      9:06-CV-0330
                                                                         (DNH/RFT)

MCLAUGHLIN; COMMISSIONER GOORD;
SGT. OLSEN; C.O. CARTER; C.O. MILLER;
C.O. REED; C.O. DRUKIN,

                              Defendants.

---

APPEARANCES:                                  OF COUNSEL:

GABRIEL MIDALGO
97-A-7235
Southport Correctional Facility
P.O. Box 2000
Pine City, NY 14871
Plaintiff, *pro se*

OFFICE OF THE ATTORNEY GENERAL      ROGER W. KINSEY, ESQ.
State of New York                                  Assistant Attorney General
The Capitol
Albany, NY 12224
Counsel for Defendants

**RANDOLPH F. TREECE**
**U.S. MAGISTRATE JUDGE**

## DECISION AND ORDER

      Plaintiff has filed a Motion to Compel Discovery pursuant to Rule 37 of the Federal Rules of Civil Procedure ("FED. R. CIV. P."). Dkt. No. 43. Plaintiff seeks to compel a response to interrogatories addressed to Defendant McLaughlin dated December 15, 2007. *Id*. at 1 & 4.

      Defendants oppose Plaintiff's motion as moot. Defendants indicate that they have now responded to all of Plaintiff's interrogatories. Dkt. No. 45 at 2. Defendants have provided the Court with a copy of Defendant McLaughlin's response to Plaintiff's December 15, 2007 interrogatories.

Dkt. No. 45-2. Plaintiff has not taken exception to Defendants' assertion that they have responded to Plaintiff's most recent set of interrogatories. Plaintiff's motion to compel is therefore denied as moot. *See, e.g., Hamilton v. Poole*, 1997 WL 626406, at *6 (W.D.N.Y. Sep. 22, 1997) (denying motion to compel filed by plaintiff where defendants responded to discovery after motion was filed). Additionally, the Court has reviewed Defendant McLaughlin's responses in conjunction with the interrogatories and finds that Defendant McLaughlin has substantially complied with the proffered discovery or asserted appropriate objections to the requests. Of the five interrogatories propounded, two (interrogatories 2 and 5) are not questions at all, but rather statements by Plaintiff describing what he believes to be an ongoing conspiracy against him by various Department of Corrections employees. Dkt. No. 43, Interrogs. 2 & 5. Interrogatory 1 is part question, part statement. *Id.*, Interrog 1. The Court finds that Defendant has substantially responded to this request. Interrogatory 3 asks Defendant McLaughlin to indicate "how many lawsuits have you've been served with for failure to act since you've been employed as the Inspector General of the Dept. of Corr.?" *Id.*, Interrog. 3. Defendant objects to the request because he is not the Inspector General and "cannot recall the number of lawsuits or their content." Dkt. No. 45-2 at 2. This objection is sustained, in part, because Defendant states that he is not the Inspector General. While the Court cannot sustain the other prong of Defendant's objection - *i.e.* that he "cannot not recall the number of lawsuits" - the Court does find that interrogatory 3 is overbroad and unclear. Finally, interrogatory 4 asks Defendant McLaughlin to "[p]roduce a redacted compendium of every lawsuit you and Defendant Goord have been served with and the results of each action." Dkt. No. 43 at 5. Defendant objects to this request as "over broad burdensome and not calculated to produce admissible evidence but is designed to simply vex and harass Defendant." Dkt. No. 45-2 at 3. The

2

Court sustains Defendants' objection. Plaintiff has made no effort to narrow his request by date, type of lawsuit, or any other modifiers and therefore the request is clearly overbroad.  Moreover, the Court finds that Defendant McLaughlin cannot respond on behalf of Defendant Goord.  Plaintiff's Motion to Compel is therefore also **denied** on the merits.

**WHEREFORE**, it is hereby

**ORDERED**, that Plaintiff's Motion to Compel (Dkt. No. 43) is **DENIED**, and it is further

**ORDERED**, that the Clerk serve a copy of this Decision and Order on the parties in accordance with the Local Rules.

IT IS SO ORDERED.

Date:   May 15, 2008
        Albany, N.Y.

_____
RANDOLPH F. TREECE
United States Magistrate Judge