**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

GABRIEL MIDALGO,

                              Plaintiff,

       - v -                                         Civ. No. 9:06-CV-330
                                                            (DNH/RFT)

McLAUGHLIN, *et al.*,

                              Defendants.

**APPEARANCES:**                           **OF COUNSEL:**

GABRIEL MIDALGO
97-A-7235
Plaintiff, *Pro Se*
Southport Correctional Facility
P.O. Box 2000
Pine City, New York 14871

HON. ANDREW M. CUOMO                ADELE M. TAYLOR SCOTT, ESQ.
Attorney General of the State of New York    Assistant Attorney General
Attorney for Defendants
The Capitol
Albany, New York 12224

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION AND ORDER

On March 15, 2006, *pro se* Plaintiff Gabriel Midalgo filed a Complaint, pursuant to 42 U.S.C. § 1983, alleging that the various Defendants violated his constitutional rights in multifaceted ways during his one-month stay at Clinton Correctional Facility in 2004. Dkt. No. 1, Compl. At the time Plaintiff initiated this action, he was housed at Southport Correctional Facility. Plaintiff amended his Complaint once thereafter, dropping one Defendant and further clarifying his other claims. Dkt. No. 35. On August 22, 2008, Defendants filed a Motion for Partial Summary

Judgment, which, despite being granted an extension of time, Plaintiff has failed to respond. Dkt. Nos. 51 & 53.

In reviewing the Docket Report, it appears that in or about December 2007, Plaintiff was transferred from Southport Correctional Facility to Auburn Correctional Facility,[1] yet the Court never received notice from Plaintiff alerting us to this change in his address. Notably, the last time this Court received any correspondence from Plaintiff was on March 3, 2008, when he filed his second Motion to Compel.[2] Dkt. No. 43. It further appears that at some point in July 2008, after Plaintiff ceased communicating with the Court, Defendants began sending copies of their Court filings to Plaintiff at Elmira Correctional Facility, yet, again, Midalgo failed to apprise the Court of any change in his address.[3] Currently, the New York State Department of Correctional Services (DOCS) Website currently lists Southport Correctional Facility as Plaintiff's "Housing/Releasing Facility,"[4] thus constituting Plaintiff's third time he failed to apprise the Court of a change in his

---

[1] *See* Dkt. No. 1, Orig. Compl., filed Mar. 15, 2006 (listing Southport Correctional Facility.); Dkt. No. 43, Pl.'s 2d Mot. to Compel, dated Feb. 26, 2008 (listing Auburn Correctional Facility); Attached Discovery Demand, dated Dec. 15, 2007 (listing Auburn) & Pl.'s Follow-up Lt., dated Jan. 21, 2008 (listing Auburn); Dkt. No. 51-11, Adele Taylor Scott, Esq., Decl., dated Aug. 21, 2008, Ex. A, Pl.'s Dep., dated Jan. 16, 2008, at p. 9, lines 4-15 (noting he had been housed at Auburn for about a month after spending two years at Southport).

[2] Though in his Motion to Compel, Midalgo listed Auburn Correctional Facility as his housing facility, he failed to file a notice with the Court indicating same.

[3] *See* Dkt. No. 48, Adele Taylor Scott, Esq., Notice of Appearance on Behalf of Defendants, dated July 17, 2008 (indicating service of same on Plaintiff at Elmira Correctional Facility); Dkt. No. 49, Adele Taylor Scott, Esq., Lt.-Mot., dated July 16, 2008 (indicating service of same on Plaintiff at Elmira); Dkt. No. 52, Decl. of Serv. of Defs.' Mot. for Summ. J. (indicating service on Plaintiff at Elmira).

[4] As explained on the DOCS website, the Housing/Releasing Facility
shows the location of the Correctional Facility responsible for the records of the current or former inmate. For nearly all current inmates, this is the facility where the inmate is housed. For released inmates, this is the facility from which he or she was released and is also the facility where information about the inmate is available. In all cases, the facility shown is the one to contact for all matters concerning the inmate.

DOCS Inmate Information Date Definitions, *available at* http://www.docs.state.ny.us/univinq/fpmsdoc.htm#fac (last visited March 5, 2009).

(continued...)

address.  DOCS Inmate Locator Website, *available at* http://nysdocslookup.docs.state.ny.us (last visited March 5, 2009).

Plaintiff's failure to keep the Court apprised of changes in his address violates this District's Local Rules of Practice as well as two Court Orders issued by this Court.  *See* N.D.N.Y.L.R. 10.1(c)(2); Dkt. Nos. 2 & 7.

On May 31, 2006, this Court issued an Order apprising Plaintiff of his obligation to keep the Court apprised of any change in his address.  Dkt. No. 2.  Specifically, we stated:

> **Plaintiff is also required to promptly notify the Clerk's Office and all parties or their counsel of any change in Plaintiff's address; his failure to do so will result in the dismissal of this action.**

*Id.* at p. 2 (emphasis in original).

On September 5, 2006, this Court sent another Order, which included an almost identical reminder to Plaintiff:

> **Plaintiff is also required to promptly notify the Clerk's Office and counsel for the Defendants of any change in his address; his failure to do so will result in the dismissal of this action.**

Dkt. No. 7 at p. 3 (emphasis in original).

Despite these clear warnings, Plaintiff has disobeyed his obligation on at least three separate occasions.  This, combined with his failure to communicate with the Court in almost a year and his failure to oppose Defendants' well-supported dispositive motion, leaves the impression that he has abandoned his case.  Further supporting our finding of Plaintiff's failure to prosecute this matter is the fact that he has repeatedly failed to provide Defendants with signed authorizations for the release

---

[4](...continued)

Since Midalgo is a current inmate, the most logical conclusion is that he has yet again experienced a change of address without informing the Court.

of his medical information.[5] Plaintiff clearly put his medical condition at issue in this matter and, yet, he has stymied the Defendants' ability to not only properly prepare and defend against his serious allegations, but to also fully comply with Plaintiff's discovery demands.

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, dismiss an action based upon the failure of a plaintiff to prosecute an action or comply with any order of the court.  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962).  "This power to dismiss an action may be exercised when necessary to achieve orderly and expeditious disposition of cases." *Freeman v. Lundrigan*, 1996 WL 481534, at *1 (N.D.N.Y. Aug. 22, 1996) (citing *Rodriguez v. Walsh*, 1194 WL 9688, at *1 (S.D.N.Y. Jan. 14, 1994)).

Moreover, a litigant has the duty to inform the court of any address changes.  As then District Judge Pooler stated:

> It is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions.  It is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail.  In addition to keeping the clerk informed of any change of address, parties are obliged to make timely status inquiries.  Address changes normally would be reflected by those inquiries if made in writing.

*Dansby v. Albany County Corr. Facility Staff*, 1996 WL 172699, at *1 (N.D.N.Y. Apr. 10, 1996) (quoting *Perkins v. King*, No. 84-3310, slip op. at 4 (5th Cir. May 19, 1985) (other citations omitted)); *see generally* N.D.N.Y.L.R. 41.2(b).

---

[5] *See* Dkt. No. 34, Defs.' Opp'n to Pl.'s 1st Mot. to Compel (noting that Plaintiff had been advised on October 11, 2007, that further documents requested in Plaintiff's Discovery Demand would be produced upon Plaintiff's return of a medical release); Dkt. No. 51-11, Adele Taylor Scott Decl., Ex. D, Lts., dated Oct. 11, 2007 & Aug. 14, 2008 (requesting Plaintiff execute and return medical releases).  We are not aware of any reason propounded by Plaintiff as to why he failed to provide the requested medical authorization.  But we note that by putting his medical condition at issue in this lawsuit, he waives any privilege he may have otherwise been entitled to as to his limited privacy interests in these medical records.  *See Barnes v. Glennon*, 2006 WL 2811821, at *3 (N.D.N.Y. Sept. 28, 2006) (Kahn, D.J., adopting Report-Recommendation of Treece, M.J.) (noting that privacy rights in medical records are waived when a plaintiff places "his medical condition at issue in a lawsuit") (citations omitted); *see also Bayne v. Provost*, 359 F. Supp. 2d 234, 238 (N.D.N.Y. 2005) (noting that "[b]y commencing this action and seeking damages for his medical injuries, [plaintiff] placed his relevant medical condition at issue.") (citation omitted).  We note, however, that Defendants did not file a motion to compel seeking Court intervention on this issue.  We raise this non-compliance, however, as further support of Plaintiff's apparent disinterest in litigating this matter.

This matter cannot proceed without notification to the Court by Plaintiff of his current address. As set forth above, the Court has not received any correspondence from Plaintiff in a year, and we are now aware of at least three changes in his address for which he previously failed to inform the Court. Plaintiff's failure to comply with his obligations in this matter, failure to communicate with the Court, and failure to provide the necessary medical releases to Defendants lead us to believe that he has not diligently prosecuted this matter and possibly has abandoned his case; such warrants a recommendation of dismissal. *See* FED. R. CIV. P. 41(b) (allowing for dismissal of an action for failure to prosecute); *see also* N.D.N.Y.L.R. 41.2(a) (noting that a plaintiff's failure to take action for four months is "presumptive evidence of lack of prosecution); N.D.N.Y.L.R. 41.2(b) (authorizing dismissal for failure to provide a change of address).[6]

## II. CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that this action be dismissed due to Plaintiff's failure to prosecute and provide an updated address. *See* N.D.N.Y.L.R. 41.2(b) (dismissal of action appropriate where party fails to notify Court of change of address); and it is further

**ORDERED**, that the Clerk shall serve a copy of this Report-Recommendation and Order on parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten (10) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court.

---

[6] Indeed, Judges in the Northern District of New York have dismissed lawsuits brought by *pro se* plaintiffs for failure to provide a current address. *See Rivera v. Goord*, 1999 WL 33117155 (N.D.N.Y. Sept. 14, 1999); *Fenza v. Conklin*, 177 F.R.D. 126 (N.D.N.Y. 1988); *Morgan v. Dardiz*, 177 F.R.D. 125 (N.D.N.Y. 1998); *Williams v. Faulkner*, 1998 WL 278288 (N.D.N.Y. May 20, 1998); *Dansby v. Albany County Corr. Facility Staff*, 1996 WL 172699 (N.D.N.Y. Apr. 10, 1996).

**FAILURE TO OBJECT TO THIS REPORT WITHIN TEN (10) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), & 6(e).

Date:   March 6, 2009
        Albany, New York

_____
RANDOLPH F. TREECE
United States Magistrate Judge